**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of New Jersey
(State)

Case number (*If known*): ______ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**: LIV Golf Incorporated

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   Performance54i Incorporated

3. **Debtor's federal Employer Identification Number** (EIN): 87-2267512

4. **Debtor's address**

**Principal place of business**

50 Hudson Yards
Number Street

Suite 65B

New York NY 10001
City State ZIP Code

New York
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

5. **Debtor's website** (URL): https://www.livgolf.com

Debtor LIV Golf Incorporated
Name

Case number (*if known*) ____________________

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**7 1 1 3**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes. District ____________ When ____________ Case number ____________
  MM / DD / YYYY
  District ____________ When ____________ Case number ____________
  MM / DD / YYYY

Debtor LIV Golf Incorporated
Name
Case number (*if known*) ______________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor See Annex 1 Relationship Affiliate
District New Jersey When ______ MM / DD / YYYY
Case number, if known ______________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ______________________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______________________

**Where is the property?** ______________________
Number Street
______________________
City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ______________________
Contact name ______________________
Phone ______________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor LIV Golf Incorporated
Name
Case number (*if known*)

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/08/2026
MM / DD / YYYY

/s/ David Orlofsky
Signature of authorized representative of debtor

David Orlofsky
Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

/s/ Michael D. Sirota
Signature of attorney for debtor

Date 09/08/2026
MM / DD / YYYY

Michael D. Sirota
Printed name

Cole Schotz P.C.
Firm name

Court Plaza North, 25 Main Street
Number Street

Hackensack
City

NJ
State

07601
ZIP Code

201-489-3000
Contact phone

msirota@coleschotz.com
Email address

014321986
Bar number

NJ
State

| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: | |
| **District of New Jersey** | |
| (State) | |
| Case No. (*if known*): __________________ | Chapter 11 |

☐ Check if this is an amended filing

**Annex 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of LIV Golf New Jersey LLC.

- LIV Golf Investments Ltd
- LIV Golf Holdings Ltd
- LIV Golf Incorporated
- Wedge IP Management Co, Limited
- Wedge IP Management Co, LLC
- LIV Golf Ltd
- LIV Golf Events (ISE) Ltd
- LIV Golf Events Limited
- LIV Golf US Media, LLC
- Wedge Event 1 Co
- Wedge Event 2 Co
- Wedge Event 3 Co
- Wedge Event 4 Co
- Wedge WPB Inc.
- Wedge Event 7 Co
- Fairway TM Blocker 1, LLC
- Fairway TM Blocker 2, LLC
- Fairway TM Blocker 3, LLC
- Fairway TM Blocker 4, LLC
- Fairway TM Blocker 5, LLC
- Fairway TM Blocker 6, LLC
- Fairway TM Blocker 7, LLC
- Fairway TM Blocker 8, LLC
- Fairway TM Blocker 9, LLC
- Fairway TM Blocker 10, LLC
- Fairway TM Blocker 11, LLC
- Fairway TM Blocker 12, LLC
- Fairway TM Blocker 13, LLC
- Fairway TM Intermediate 1, LLC
- Fairway TM Intermediate 2, LLC
- Fairway TM Intermediate 3, LLC
- Fairway TM Intermediate 4, LLC
- Fairway TM Intermediate 5, LLC
- Fairway TM Intermediate 6, LLC
- Fairway TM Intermediate 7, LLC
- Fairway TM Intermediate 8, LLC
- Fairway TM Intermediate 9, LLC
- Fairway TM Intermediate 10, LLC
- Fairway TM Intermediate 11, LLC
- Fairway TM Intermediate 12, LLC
- Fairway TM Intermediate 13, LLC
- Fairway TM Co 1, LLC
- Fairway TM Co 2, LLC
- Fairway TM Co 3, LLC
- Fairway TM Co 4, LLC
- Fairway TM Co 5, LLC
- Fairway TM Co 6, LLC
- Fairway TM Co 7, LLC
- Fairway TM Co 8 GP, LLC
- Fairway TM Co 8, LP
- Fairway TM Co 9, LLC
- Fairway TM Co 10, LLC
- Fairway TM Co 11, LLC
- Fairway TM Co 12 GP, LLC
- Fairway TM Co 12, LP
- Fairway TM Co 13, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF INCORPORATED,<br><br>Debtors. | Chapter 11<br><br>Case No. 26-[●] ([●]) |

## List of Equity Security Holders[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| LIV Golf Holdings Ltd | 1st Floor, Liberation House<br>Castle Street<br>St Helier<br>Jersey<br>JE1 1GL | 100% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF INCORPORATED,<br><br>Debtors. | Chapter 11<br><br>Case No. 26-[●] ([●]) |

**Corporate Ownership Statement**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| LIV Golf Holdings Ltd | 100% |

**Fill in this information to identify the case:**

Debtor name LIV Golf New Jersey LLC

United States Bankruptcy Court for the: District of NJ (State)

Case number (If known):

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

**A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Jon Rahm, Rahm; LLC<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $7,472,527.47 |
| 2 | Bryson DeChambeau; BAD Enterprises, Inc.<br>[Redacted] | [Redacted] | Player Participation Agreement | C | | | $5,769,230.77 |
| 3 | Dustin Johnson; Dustin Johnson Enterprises, Inc.<br>[Redacted] | [Redacted] | Player Participation Agreement | C/U/D | | | $5,489,010.99 |
| 4 | Cameron Smith; Golf Dude Enterprises, LLC<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $4,835,164.84 |
| 5 | Adrian Meronk<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $4,436,813.19 |
| 6 | Tyrrell Hatton; Tyrell Hatton Golf Limited<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $3,373,626.37 |
| 7 | Gerry L Watson<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $3,324,389.10 |
| 8 | IMG Media LTD; IMG Singapore PTE Ltd; IMG Media Korea, LLC<br>Building 6, Chiswick Park<br>London<br>W4 5HR, GB | Keerthy Dileepkumar, +44-0203-1070765, MediaAR@img.com | Trade Vendor | | | | $3,200,000.00 |
| 9 | Abraham Ancer; Abraham Ancer Golf, LLC<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $2,651,098.90 |
| 10 | Byeong Hun (Ben) An; BENA Golf, Inc.<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $1,811,010.68 |
| 11 | United Nations High Commissioner for Refugees<br>Diplomatic Quarter<br>Riyadh<br>11693, KSA | Taleb Salhab , 55-884-4102, salhabt@unhcr.org | Grant Agreement | C | | | $1,717,000.00 |
| 12 | Brooks Koepka; Brooks Koepka Golf LLC<br>[Redacted] | [Redacted] | Agreement | | | | $1,681,278.54 |
| 13 | MDLBEAST Company<br>2311, Dahrat Al Awdah East 17<br>Jax District, Al-Diriyah, Riyadh<br>13732, KSA | Abdulrahman Alkalali, +966 55-134-5577, abdulrahman.alkalali@mdlbeast.com | Trade Vendor | | | | $1,645,707.50 |
| 14 | Ming Entertainment Group<br>2082 Business Center Drive<br>Irvine, CA<br>92612, US | Mark Kwok, +1 949-679-2089, accounting@mingentertainment.com | Workforce Solutions | | | | $1,593,474.84 |
| 15 | Havoc Live LLC<br>1928 Locust Street<br>Saint Louis, MO<br>63103, US | Scott Jones, 404-242-9989, sjones@160over90.com | Trade Vendor | | | | $1,462,512.88 |
| 16 | Rick Shiels Media Limited<br>22 Worple Road<br>London<br>SW19 4DD, GB | Ross Livingston, 781-770-7684, accounts@rickshiels.com | Brand Partnership Agreement | | | | $1,398,300.00 |
| 17 | Caleb Surratt<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $1,331,116.76 |
| 18 | Joaquin Niemann; Joaquin Niemann, LLC<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $1,307,692.31 |
| 19 | GSE Worldwide<br>276 Fifth Avenue, Suite 711<br>New York, NY<br>10001, US | Michael Creasy, 843-764-9130, mcreasy@gseworldwide.com | Trade Vendor | | | | $1,287,500.00 |
| 20 | State of Louisiana<br>c/o Louisiana Economic Development<br>100 North St<br>Baton Rouge, LA<br>70802, US | Chris Stelly, 225-342-5555, chris.stelly@la.gov | Agreement | | | | $1,220,000.00 |
| 21 | Fresh Tape Media LLC<br>747 Kalamath St<br>Denver, CO<br>80204, US | Charles Lian, 732-485-4565, accounting@freshtapemedia.com | Trade Vendor / Litigation | C/D | | | $1,208,860.15 |
| 22 | Asian Tour Ltd<br>5 Bukit Manis Road<br>Singapore<br>099893, SG | Ng Chwe Huey, +65 6715 9440, ch.ng@asiantour.com | Agreement | C | | | $1,018,542.73 |
| 23 | 89 Blocks Holding LLC (dba EverWonder Studio)<br>460 Park Ave South<br>New York, NY<br>10016, US | Kevin Mcdonald, +1 323 240 9579, kevin.mcdonald@everwonder.studio | Trade Vendor | | | | $1,014,280.26 |

**Fill in this information to identify the case:**

Debtor name LIV Golf New Jersey LLC

United States Bankruptcy Court for the: District of NJ (State)

Case number (If known):

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

**A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | Lucas Herbert<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $1,012,204.95 |
| 25 | Fantasy Interactive, Inc.<br>30 Broad Street, Floor 34<br>New York, NY<br>10004, US | Larry Barlow, 212-941-5220, finance@fantasy.co | Trade Vendor / Litigation | C/D | | | $992,870.75 |
| 26 | Outlyr, LLC<br>3 Greenwich Office Park<br>Greenwich, CT<br>06831, US | James Clark, +1 856-745-3779, accounting@outlyr.com | Trade Vendor | | | | $983,625.00 |
| 27 | Thomas McKibbin<br>[Redacted] | [Redacted] | Player Participation Agreement | | | | $973,109.89 |
| 28 | World Golf Group Limited and Premier Golf League<br>Contact Available Upon Request | GEORGEMALING@ENYOLAW.COM, + 44 (0) 7825 928 201 | Litigation | C/U/D | | | Undetermined |
| 29 | Stonehill Estate Co.<br>Contact Available Upon Request | davinder.singh@davindersinghchambers.com, +65 6328 0299 | Litigation | C/U/D | | | Undetermined |
| 30 | Kobalt Music Publishing America, Inc., BMG Rights Management GmbH 2025 and Concord Music Group, Inc.<br>Contact Available Upon Request | Keith.Hauprich@BMG.com | Litigation | C/U/D | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor LIV Golf Incorporated

Court United States Bankruptcy Court for the District of New Jersey

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/08/2026
MM / DD / YYYY

✘ /s/ David Orlofsky
Signature of individual signing on behalf of debtor

David Orlofsky
Printed name

Chief Restructuring Officer
Position or relationship to debtor

# OMNIBUS RESOLUTIONS OF THE GOVERNING BODIES OF EACH OF THE ENTITIES LISTED ON SCHEDULE 1 HERETO

**Adopted at a Joint Meeting of the Governing Bodies on September 7, 2026**

**WHEREAS**, the board of directors, the sole member or the general partner, as applicable (each, a "**Governing Body**" and collectively, the "**Governing Bodies**"), of each entity listed on Schedule 1 attached hereto (each, a "**Filing Entity**" and collectively, the "**Filing Entities**"), at a joint meeting of the Governing Bodies duly called and held by means of remote communication on the date hereof in accordance with the Governing Documents (as defined below) of each Filing Entity and applicable law, at which meeting due notice was given or waived and a quorum of each Governing Body was present and acting throughout (the "**Meeting**"), reviewed and considered: (a) presentations and other materials prepared and presented by the management team of the Filing Entities ("**Management**") and their financial and legal advisors (collectively, the "**Advisors**") regarding the liabilities, obligations, and liquidity of the Filing Entities, the strategic and financial alternatives available to the Filing Entities, and the effect of the foregoing on each Filing Entity's business operations; (b) the information and advice previously provided to and reviewed by the Governing Bodies, and (c) the related matters on and before the date hereof;

**WHEREAS**, the Governing Bodies had adequate opportunity to consult with Management and the Advisors regarding such presentations and materials, to obtain additional information, and to fully consider each of the strategic alternatives available to the Filing Entities and the recommendations of Management and the Advisors;

**WHEREAS**, the Governing Bodies have reviewed the September 7, 2026 drafts of that certain Restructuring Support Agreement (the "**RSA**") and the DIP Credit Agreement (as defined below) and have authorized Management to finalize the RSA and the DIP Credit Agreement on terms materially consistent in the aggregate to the Filing Entities, taken as a whole, with such drafts; and

**WHEREAS**, in connection with the foregoing, the Governing Bodies have reviewed and considered: (a) the approval of the entry of each of the Filing Entities into the RSA with respect to the restructuring of the Filing Entities' capital structure; (b) the approval of the entry of each of the Filing Entities, as DIP Loan Parties (as defined below), into and performance under the DIP Credit Agreement and the DIP Loan Documents (as defined herein); and (c) the implementation of each of the foregoing in a chapter 11 proceeding for each Filing Entity, to be commenced by the filing of Bankruptcy Petitions (as defined below) (collectively, the "**Restructuring Matters**"), each as described herein.

**NOW, THEREFORE, BE IT:**

## I. RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that (i) the form of the RSA with such additions thereto, insertions therein and deletions therefrom as, with respect to each of the Filing Entities, such Filing Entities' Authorized Persons shall deem necessary, appropriate, or desirable and (ii) the performance of the respective obligations of such Filing Entity under the RSA, be, and they hereby are, approved;

**RESOLVED**, that the execution, delivery and performance by or on behalf of each Filing Entity of the RSA and all other agreements, instruments, certificates or other documents constituting exhibits to or required to be executed pursuant to, or which are necessary, appropriate or desirable in connection with the transactions contemplated by the RSA or otherwise related thereto to which such Filing Entity is a party or a signatory, and the consummation by such Filing Entity of the transactions contemplated thereunder, be, and each hereby is, approved, and that each such Authorized Person, be, and each of them acting singly hereby is, authorized and empowered, in the name and on behalf of such Filing Entity, to execute and deliver the RSA, with such additions thereto, insertions therein and deletions therefrom as any such Authorized Person shall deem necessary, appropriate or desirable, and to cause such Filing Entity to perform its obligations under the RSA as so executed and delivered in accordance with their terms;

**RESOLVED**, that the signature of any Authorized Person (as defined below) of a Filing Entity to the RSA shall be conclusive evidence of the authority of such Authorized Person to execute and deliver the RSA; and

**RESOLVED**, that the Authorized Persons of each Filing Entity be, and each of them hereby is, authorized and empowered, in the name of and on behalf of such Filing Entity, to take all actions, (including, without limitation, (i) the negotiation, execution, delivery and filing of any additional agreements, instruments, certificates or other documents, (ii) the modification or amendment of any of the terms and conditions of the RSA or the seeking of any waiver or consent in connection therewith, (iii) the payment of any consideration, fees or other amounts and (iv) the payment of expenses and taxes, in each case as any such Authorized Person shall deem necessary, appropriate or desirable) in order to effect the transactions contemplated under the RSA, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of such Filing Entity.

## II. CHAPTER 11 FILING

**WHEREAS**, after due deliberation thereon, the Governing Bodies deem it desirable and in the best interest of the Filing Entities and their respective stakeholders, creditors, and other parties in interest, that the Filing Entities implement the Restructuring Matters and file or cause to be filed a voluntary petition for relief for each Filing Entity under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**") pursuant to and in accordance with the requirements of the organizational documents of each Filing Entity (the "**Governing Documents**") and applicable law, in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States (collectively, the "**Bankruptcy Petitions**").

**RESOLVED**, that the filing of the Bankruptcy Petitions be, and hereby is, authorized and approved.

**RESOLVED**, that each director, manager and officer (including the Chief Restructuring Officer) of each Filing Entity and any person delegated by the foregoing or by the Governing Body of such Filing Entity (each, an "**Authorized Person**" with respect to such Filing Entity) shall be,

and each of them hereby is, authorized and directed for and on behalf of such Filing Entity to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) on behalf of such Filing Entity in respect of the Restructuring Matters, to execute and file on behalf of such Filing Entity all petitions, schedules, statements, lists, applications and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Filing Entity or any of such Filing Entity's subsidiaries' businesses.

**RESOLVED**, that David Orlofsky, the Chief Restructuring Officer of each of the Filing Entities, be, and hereby is, authorized and directed to (i) execute and file the Bankruptcy Petitions for each of the Filing Entities; (ii) act as foreign representative (the "**Foreign Representative**") of the Filing Entities in connection with any proceedings before the High Court of Justice of England and Wales under the Cross-Border Insolvency Regulations 2006 (the "**CBIR**"), including seeking recognition of the Filing Entities' chapter 11 cases thereunder; and (iii) execute that certain Cross-Border Court-to-Court Communications Protocol dated on or about September 8, 2026.

## III. DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, pursuant to that certain Debtor-in-Possession Facility Agreement (the "**DIP Credit Agreement**" and together with all other agreements, documents, and instruments delivered or executed in connection therewith, the "**DIP Loan Documents**"), dated as of the date hereof, by and among LIV Golf Incorporated (the "**Borrower**"), as borrower, LIV Golf Investments Ltd ("**Parent**"), LIV Golf Holdings Ltd ("**Holdings**") and the other Original Guarantors (as defined in the DIP Credit Agreement) party thereto, including each of the Filing Entities other than the Borrower, as guarantors (together with the Borrower, the "**DIP Loan Parties**"), and the Public Investment Fund of the Kingdom of Saudi Arabia ("**DIP Lender**"), the DIP Loan Parties have requested and the DIP Lender has agreed to make available to the Borrower a senior secured priming term loan credit facility in an aggregate principal amount not to exceed approximately $49,600,000 (the "**DIP Term Loan Facility**") pursuant to the terms and conditions of the DIP Credit Agreement.

**WHEREAS,** the DIP Loan Parties will receive direct and indirect benefits as a result of the transactions contemplated by the DIP Loan Documents to which such DIP Loan Parties are a party or signatory, and in that regard such DIP Loan Parties intend to enter into the DIP Credit Agreement and the DIP Loan Documents to which such DIP Loan Parties are a party or signatory; and

**WHEREAS**, the Governing Bodies deem it appropriate, advisable and in each DIP Loan Party's best interest to approve and authorize the entry by such DIP Loan Party into the DIP Credit Agreement and the DIP Loan Documents to which it is a party or signatory and to consummate the transactions contemplated thereby.

**NOW, THEREFORE, BE IT:**

**DIP CREDIT AGREEMENT**

**RESOLVED**, that each of (i) the form of the DIP Credit Agreement with such additions thereto, insertions therein and deletions therefrom as, with respect to each DIP Loan Party, such DIP Loan Party's Authorized Persons shall deem necessary, appropriate, or desirable, (ii) the DIP Loan Documents to which such DIP Loan Party is party, (iii) the performance of the obligations of such DIP Loan Party under the DIP Credit Agreement and the DIP Loan Documents and (iv) the grant of security interests in and liens upon the DIP Collateral (as defined in the DIP Credit Agreement), and the incurrence or guarantee of indebtedness, as applicable, under the DIP Credit Agreement and other DIP Loan Documents, be, and they hereby are, approved;

**RESOLVED**, that Parent be, and hereby is, authorized to act as agent for each DIP Loan Party in connection with the DIP Finance Documents (as defined in the DIP Credit Agreement), in accordance with Clause 2.2 (Obligors' Agent) of the DIP Credit Agreement;

**RESOLVED**, that the execution, delivery and performance by or on behalf of each DIP Loan Party of the DIP Loan Documents and the consummation by such DIP Loan Party of the transactions contemplated thereunder, be, and each hereby is, approved, and that each Authorized Person of such DIP Loan Party, be, and each of them acting singly hereby is, authorized and empowered, in the name and on behalf of such DIP Loan Party, to execute and deliver the DIP Credit Agreement and each DIP Loan Document, with such additions thereto, insertions therein and deletions therefrom as any Authorized Person of such DIP Loan Party shall deem necessary, appropriate or desirable, and to cause such DIP Loan Party to perform its obligations under the DIP Credit Agreement and the DIP Loan Documents as so executed and delivered in accordance with their terms;

**RESOLVED**, that the signature of any Authorized Person of a DIP Loan Party to the DIP Credit Agreement and any DIP Loan Document to which such DIP Loan Party is a party or signatory shall be conclusive evidence of the authority of such Authorized Person to execute and deliver the DIP Credit Agreement and/or such DIP Loan Document; and

**RESOLVED**, that the Authorized Persons of each DIP Loan Party, be, and each of them acting singly hereby is, authorized and empowered, in the name of and on behalf of such DIP Loan Party, to take all actions, (including, without limitation, (i) the negotiation, execution, delivery and filing of, or consent to the DIP Lender's filing of, any additional agreements, instruments, certificates or other documents, (ii) the modification or amendment of any of the terms and conditions of the DIP Credit Agreement or any DIP Loan Document or the seeking of any waiver or consent in connection therewith, (iii) the payment of any consideration, fees or other amounts and (iv) the payment of expenses and taxes, in each case as any such Authorized Person of such DIP Loan Party shall deem necessary, appropriate or desirable) in order to effect the transactions contemplated under the DIP Credit Agreement or any DIP Loan Document, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of such DIP Loan Party.

## IV. RETENTION OF PROFESSIONALS

**RESOLVED**, that each Filing Entity, be, and hereby is, authorized, empowered, and directed to engage, pursuant to section 327(a) or 328 of the Bankruptcy Code: (a) Gibson, Dunn & Crutcher LLP as co-bankruptcy counsel; (b) Cole Schotz P.C. as co-bankruptcy counsel; (c) AP Services, LLC, an affiliate of AlixPartners, LLP, to provide interim management services; (d) Ducera Partners LLC as investment banker; (e) Omni Agent Solutions, Inc. as administrative advisor[1]; (f) Kobre & Kim LLP as special counsel; (g) KPMG LLP as tax services provider, in each case, upon the terms and conditions set forth in the engagement letters; and (h) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals that such Filing Entity deems necessary, appropriate or advisable, each to represent and assist such Filing Entity in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses), and in connection therewith, the Authorized Persons of each Filing Entity, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers and/or fees, and to cause to be filed appropriate applications for authority to retain such services on behalf of such Filing Entity;

**RESOLVED**, that each Filing Entity, be, and hereby is, authorized, empowered, and directed to engage: (a) Georgina Peters and Daniel Judd of South Square Chambers; (b) Carey Olsen Jersey LLP; (c) Andy Wood; (d) Alastair Beveridge, in each case, upon the terms and conditions set forth in the engagement letters; and (e) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals that such Filing Entity deems necessary, appropriate or advisable, each to represent and assist such Filing Entity in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses), and in connection therewith, the Authorized Persons of each Filing Entity, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers and/or fees, and to cause to be filed appropriate applications for authority to retain such services on behalf of such Filing Entity; and

**RESOLVED**, that the Authorized Persons of each Filing Entity, be, and hereby are, authorized, empowered, and directed, on behalf of such Filing Entity, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

## V. FURTHER ACTIONS AND PRIOR ACTIONS

**RESOLVED**, that each Filing Entity is hereby authorized to authorize (and each Filing Entity hereby authorizes) any direct or indirect subsidiary of such Filing Entity or any entity of which such Filing Entity or any subsidiary of such Filing Entity is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions

[1] Each Filing Entity also appoints Omni Agent Solutions, Inc. as claims and noticing agent pursuant to 28 U.S.C. § 156(c).

described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Filing Entity's interest therein (including, without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**RESOLVED**, that in addition to the specific authorizations conferred upon the Authorized Persons herein, the Authorized Persons of each Filing Entity be, and they hereby are, authorized to do all such other acts, deeds, and other things as such Filing Entity itself may lawfully do, in accordance with such Filing Entity's Governing Documents and applicable law, howsoever arising in connection with the matters herein, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever and the payment of all fees and expenses, including, but not limited to, filing fees, in each case as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of a Filing Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of such Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of such Filing Entity's Governing Body; and

**RESOLVED**, that any person dealing with any Authorized Person of a Filing Entity in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person, and by such Authorized Person's execution of any document, agreement, or instrument, the same shall be a valid and binding obligation of such Filing Entity enforceable in accordance with its terms.

* * * * * *

The undersigned hereby certify that the foregoing resolutions were duly adopted by each Governing Body of each of the Filing Entities listed on Schedule 1 hereto at the Meeting, at which a quorum of each Governing Body was present and acting throughout, and that such resolutions have not been amended, modified or rescinded and remain in full force and effect as of the date hereof.

**BOARDS OF DIRECTORS OF LIV GOLF INCORPORATED AND THE EVENTCOS (WEDGE EVENT 1 CO, WEDGE EVENT 2 CO, WEDGE EVENT 3 CO, WEDGE EVENT 4 CO, WEDGE EVENT 7 CO AND WEDGE WPB INC.):**

Signed by:
Eugene Davis
BCF5855466F8413...
______________________________
Name: Eugene Davis
Title: Director

Signed by:
Jon Zinman
7BE0585A8F00494...
______________________________
Name: Jon Zinman
Title: Director

**SOLE MEMBER OF EACH OF FAIRWAY TM BLOCKER 1, LLC, FAIRWAY TM BLOCKER 2, LLC, FAIRWAY TM BLOCKER 3, LLC, FAIRWAY TM BLOCKER 4, LLC, FAIRWAY TM BLOCKER 5, LLC, FAIRWAY TM BLOCKER 6, LLC, FAIRWAY TM BLOCKER 7, LLC, FAIRWAY TM BLOCKER 8, LLC, FAIRWAY TM BLOCKER 9, LLC, FAIRWAY TM BLOCKER 10, LLC, FAIRWAY TM BLOCKER 11, LLC, FAIRWAY TM BLOCKER 12, LLC, FAIRWAY TM BLOCKER 13, LLC, WEDGE IP MANAGEMENT CO, LLC, FAIRWAY TM INTERMEDIATE 1, LLC THROUGH FAIRWAY TM INTERMEDIATE 13, LLC, LIV GOLF US MEDIA, LLC AND LIV GOLF NEW JERSEY LLC:**

By: LIV Golf Incorporated
Its: Sole Member

Signed by:
Eugene Davis
BCF5855466F8413...
______________________________
Name: Eugene Davis
Title: Authorized Signatory

**SOLE MEMBER OF EACH OF FAIRWAY TM CO 1, LLC, FAIRWAY TM CO 2, LLC, FAIRWAY TM CO 3, LLC, FAIRWAY TM CO 4, LLC, FAIRWAY TM CO 5, LLC, FAIRWAY TM CO 6, LLC, FAIRWAY TM CO 7, LLC, FAIRWAY TM CO 9, LLC, FAIRWAY TM CO 10, LLC AND FAIRWAY TM CO 11, LLC:**

FAIRWAY TM INTERMEDIATE 1, LLC
FAIRWAY TM INTERMEDIATE 2, LLC
FAIRWAY TM INTERMEDIATE 3, LLC
FAIRWAY TM INTERMEDIATE 4, LLC
FAIRWAY TM INTERMEDIATE 5, LLC
FAIRWAY TM INTERMEDIATE 6, LLC
FAIRWAY TM INTERMEDIATE 7, LLC
FAIRWAY TM INTERMEDIATE 9, LLC
FAIRWAY TM INTERMEDIATE 10, LLC
FAIRWAY TM INTERMEDIATE 11, LLC
each as the sole member of its respective Fairway TM Co listed above

Signed by:
Eugene Davis
8CF5855466F8413...
Name: Eugene Davis
Title: Authorized Signatory

**SOLE MEMBER OF EACH OF FAIRWAY TM CO 8 GP, LLC AND FAIRWAY TM CO 12 GP, LLC:**

FAIRWAY TM INTERMEDIATE 8, LLC
FAIRWAY TM INTERMEDIATE 12, LLC
each as the sole member of its respective GP listed above

Signed by:
Eugene Davis
8CF5855466F8413...
Name: Eugene Davis
Title: Authorized Signatory

**GENERAL PARTNER OF FAIRWAY TM CO 8, LP:**

FAIRWAY TM CO 8 GP, LLC
By: Fairway TM Intermediate 8, LLC
Its: Sole Member

Signed by:
Eugene Davis
8CF5855466F8413...
Name: Eugene Davis
Title: Authorized Signatory

**GENERAL PARTNER OF FAIRWAY TM CO 12, LP:**

FAIRWAY TM CO 12 GP, LLC
By: Fairway TM Intermediate 12, LLC
Its: Sole Member

Signed by:
Eugene Davis
BCF5655400F0413...
________________________________
Name: Eugene Davis
Title: Authorized Signatory

**Schedule 1**

LIV Golf Incorporated

LIV Golf US Media, LLC

LIV Golf New Jersey LLC

Wedge Event 1 Co

Wedge Event 2 Co

Wedge Event 3 Co

Wedge Event 4 Co

Wedge WPB Inc.

Wedge Event 7 Co

Wedge IP Management Co, LLC

Fairway TM Blocker 1, LLC

Fairway TM Blocker 2, LLC

Fairway TM Blocker 3, LLC

Fairway TM Blocker 4, LLC

Fairway TM Blocker 5, LLC

Fairway TM Blocker 6, LLC

Fairway TM Blocker 7, LLC

Fairway TM Blocker 8, LLC

Fairway TM Blocker 9, LLC

Fairway TM Blocker 10, LLC

Fairway TM Blocker 11, LLC

Fairway TM Blocker 12, LLC

Fairway TM Blocker 13, LLC

Fairway TM Intermediate 1, LLC

Fairway TM Intermediate 2, LLC

Fairway TM Intermediate 3, LLC

Fairway TM Intermediate 4, LLC

Fairway TM Intermediate 5, LLC

Fairway TM Intermediate 6, LLC

Fairway TM Intermediate 7, LLC

Fairway TM Intermediate 8, LLC

Fairway TM Intermediate 9, LLC

Fairway TM Intermediate 10, LLC

Fairway TM Intermediate 11, LLC

Fairway TM Intermediate 12, LLC

Fairway TM Intermediate 13, LLC

Fairway TM Co 1, LLC

Fairway TM Co 2, LLC

Fairway TM Co 3, LLC

Fairway TM Co 4, LLC

Fairway TM Co 5, LLC

Fairway TM Co 6, LLC

Fairway TM Co 7, LLC

Fairway TM Co 8 GP, LLC

Fairway TM Co 8, LP

Fairway TM Co 9, LLC

Fairway TM Co 10, LLC

Fairway TM Co 11, LLC

Fairway TM Co 12 GP, LLC

Fairway TM Co 12, LP